NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30302 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00312-MO-1 |
| v. | MEMORANDUM[*] |
| JAMES MICHAEL BOWIE, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief District Judge, Presiding

Submitted June 8, 2018[**]
Portland, Oregon

Before: GRABER and M. SMITH, Circuit Judges, and KORMAN,[***] District
Judge.

After finding that Defendant-Appellant James Michael Bowie had standing to

challenge the search of his girlfriend's car, in which Bowie was a passenger, the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

district court denied Bowie's motion to suppress the fruits of that search. Pursuant to the terms of his conditional guilty plea, Bowie timely appealed that decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

As the facts and procedural history are familiar to the parties, we do not recite them here.

1. As "[t]he proponent of [the] motion to suppress," Bowie bears "the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978). To do so, he must establish either "that he personally had 'a property interest protected by the Fourth Amendment that was interfered with, or a reasonable expectation of privacy that was invaded by the search.'" *United States v. Lopez–Cruz*, 730 F.3d 803, 807 (9th Cir. 2013) (alteration omitted) (quoting *United States v. Padilla*, 111 F.3d 685, 688 (9th Cir. 1997)). Bowie has done little to make this showing here: Bowie did not submit an affidavit or testify at the suppression hearing, and the record indicates that Bowie was only a passenger, in a car that was not his own, without the keys, and without the owner's permission. But even assuming *arguendo* that Bowie had Fourth Amendment standing to challenge the search of his girlfriend's car, *see Byrd v. United States*, 138 S. Ct. 1518, 1530 (2018) ("Because Fourth Amendment standing is subsumed under substantive Fourth Amendment doctrine, it is not a jurisdictional question and hence need not be addressed before addressing other

aspects of the merits of a Fourth Amendment claim."), we hold that the district court did not clearly err in denying Bowie's motion to suppress because the inevitable discovery exception applied, *see United States v. Lundin*, 817 F.3d 1151, 1157 (9th Cir. 2016).

The district court believed this was a clear case of inevitable discovery, and this conclusion was not clearly erroneous. Officer Dale testified that it was necessary to move the vehicle because it was a hazard. However, there was no one on the scene to whom the car could be released. The officers were unable to release the car to the driver, Xavia Lashay Grixgby-Jones, because she did not have a license and they did not know who she was. The officers also could not release the car to Bowie because he was intoxicated. *See* Or. Rev. Stat. § 809.710 (authorizing officers "to refuse to release or authorize release of any motor vehicle from custody to any person who is visibly under the influence of intoxicants"). Officer Dale testified that he did not remember why they could not release the car to the other passenger, Demauri Lewis, specifically, but stated that he did not "remember that being an option," and that the officers would not have released the car to anyone on the scene without first speaking to the owner, to whom Lewis had no connection. *See id.* § 809.720.

This left the officers with the two options that the district court identified: First, the officers could find the owner and arrange with her to move the car. Officer

3

Dale testified that, at the time of the search, the officers were still looking for the car's owner, using the vehicle's VIN number. If they had found the owner, she would have told the officers that she was not happy with Bowie and had not given him permission to have her car, which would have led the officers to search its trunk. Second, if the officers were unable to find the car's owner, the officers would have had the car towed as a hazard. *See* Portland City Code §§ 16.30.210, 16.30.220. Officer Dale testified that before the car was towed, the officers would have had to inventory it, which would have involved searching its unlocked glove box. *See id.* § 14C.10.030. Thus, the record supports the district court's conclusion that however the events unfolded, the officers, by following routine procedures, inevitably would have uncovered the gun and ammunition.

2. Bowie argues on appeal that Jones's "consent to search the vehicle was involuntary and thus failed to justify the warrantless search of the vehicle." The district court found facts relating to Jones's consent below, but ruled that it need not decide whether consent justified the officers' search because there was a clear case of inevitable discovery. We likewise decline to resolve the issue of consent.

**AFFIRMED.**

4